**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DAVID BRIAN JENNINGS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-06-CA-990 RP |
| | § | |
| RISSIE OWENS, *et al.*, | § | |
| | § | |
| DEFENDANTS | § | |

## ORDER

Before the Court are Defendants' Motion to Alter or Amend the Judgment Pursuant to Rule 59(e), filed December 29, 2008 (Clerk's Dkt. #117) and Plaintiff's Response in Opposition to Defendants' 'Motion to Alter or Amend Judgment, filed January 4, 2009 (Clerk's Dkt. #119). Having reviewed the filings by each party, as well as the relevant case law and the entire case file, the motion is now ripe for determination.

## I. BACKGROUND

David Brian Jennings ("Plaintiff") is currently on parole for a 1988 conviction of debit card abuse (habitual) which involved stealing $800.00. His sentence for this crime, enhanced by two prior convictions, was twenty-five years confinement.[1] While on parole in 2005, seventeen years after the crime, a two person parole panel, without notice to Plaintiff, amended the conditions of his parole. The panel added "Special Condition X" which itself was comprised of numerous conditions including, requiring Plaintiff to attend sex offender treatment, prohibiting Plaintiff from entering into any relationship with a person who has a minor child and prohibiting Plaintiff from using a computer.

Plaintiff filed this suit, pursuant to 42 U.S.C. §§ 1983 and 1988, alleging that he was deprived of his constitutional right to due process when the Texas Board of Pardons and Paroles

---

[1]Plaintiff's conviction and release history is discussed in greater length in this Court's Order granting in part and denying in part Plaintiff's motion for summary judgment (Clerk's Dkt. #114.)

("TBPP") imposed these conditions on his parole without providing him sufficient process. He brought this action against five Defendants, employed by the TBPP or the Texas Department of Criminal Justice ("TDCJ"), each in their official capacity. The parties consented to this Court's jurisdiction and the case was reassigned to this Court on February 20, 2008.[2]

The Court granted Plaintiff's motion for summary judgment on his claim of a violation of due process. The Court held that Plaintiff had a protected liberty interest and was not afforded sufficient process before Defendants imposed the three complained of conditions on his parole. However, the Court denied Plaintiff's motion for summary judgment regarding the extent of injunctive relief he requested. Instead, the Court afforded Plaintiff injunctive relief in a more limited form. It ordered the removal of the three complained of conditions from Plaintiff's parole.

## II. CURRENT MOTION

Defendants now bring the current motion requesting that the Court alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[3] Defendants request that the Court afford them 120 days to comply with the order. Defendants give two reasons for this request. First, they state that they need 120 days to allow TBPP the time to "enter" the withdrawal of the conditions and "allow for this determination to take place." Second, Defendants are concerned that, in complying with the Court's Order, they will moot their appeal. After reviewing the applicable law, the Court will consider each argument in turn.

## III. APPLICABLE LAW

Motions made under Rule 59(e) "call into question the correctness of a judgment." *Templet v. HyrdoChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 587 (5th Cir. 2002)). To be successful, a motion to alter or amend must "clearly establish

---

[2] (Order, Clerk's Dkt. #47.)

[3] (Defendants' Motion to Alter or Amend the Judgment Pursuant to Rule 59(e), Clerk's Dkt. #117.)

either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) A motion to amend cannot be used to raise new arguments that should have been made before judgment. *Id.* A motion to alter or amend is "also appropriate when there has been an intervening change in the controlling law." *Id.* Amending a judgment under Rule 59(e) is an extraordinary remedy that courts must use sparingly. *Templet*, 367 F.3d at 479.

## IV. ANALYSIS

### A. Time for Implementation

Defendants request 120 days to comply with the Court's order. Defendants' request, which in total is two sentences in length, gives no reason for the delay other than that the parole panel "must officially enter the withdrawal of the conditions" and that the panel must make a "determination." The determination has been made through this litigation. The Court has ordered the removal of the conditions. The Court assumes that Defendants are referring to some internal process within the TBPP that requires three months to modify an offender's conditions of parole. Defendants have not provided an analysis, reasoning or substantiation to support the request. Therefore, the Court will not amend the judgment for this reason.

### B. Mootness

Defendants also request 120 days to comply with the Court's order because they believe that, if they comply with the Court's order, they will moot their appeal. Defendants are concerned that, once they remove the conditions from Plaintiffs' parole, he will no longer have a "sufficient legal interest" to maintain the suit.

As an initial matter, the Court notes that Defendants fail to explain why complying with the Court's order now would moot their appeal, but, complying with the Court's order 120 days from now would not moot their appeal.

3

Nevertheless, Defendants are mistaken in their argument. "[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Envtl. Conservation Org. v. City of Dallas,* 529 F.3d 519, 527 (5th Cir. 2008) cert. denied 129 S. Ct. 418 (Oct. 14, 2008). For example, if an intervening factual event caused a plaintiff to no longer have an interest in pursuing the case, then it is appropriate to dismiss the case as moot. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). However, a case should not be declared moot if the parties have a "concrete interest in the outcome." *Id.* Additionally, a case is not moot if partial relief is available. *Dailey*, 141 F.3d at 227 (5th Cir. 1998)

When the Defendants comply with the Court's order, Plaintiff would have an interest in defending the judgment he received by this Court and the injunctive relief that followed. The underlying facts supporting the suit do not change simply because the parties complied with relief imposed on the unwilling Defendants by court order. Further, even taking Defendants' argument as true, the Court also granted Plaintiff declaratory relief, therefore, partial relief would still be available on appeal. Finally, were the Court to follow Defendants' analysis, then any time that a party complied with a district court order, it would automatically moot the issue for appellate court. This illogical result cannot be correct.

Moreover, a motion to amend is intended to correct errors in the judgment, either in fact or law. A motion to amend judgment is not the proper form for the Defendants to preempt a potential mootness argument they may or may not arise on appeal. Therefore, the Court will not amend the judgment for this reason.

**V. CONCLUSION**

In accordance with the statements above, Defendants' Motion to Alter or Amend the Judgment Pursuant to Rule 59(e), filed December 29, 2008 (Clerk's Dkt. #117) is **DENIED**.

SIGNED this 9th day of January, 2009.

_____

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE
Presiding under 28 U.S.C. § 636(c)