## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

DAVID BRIAN JENNINGS,  §
                       §
        PLAINTIFF,     §
                       §
V.                     §        CAUSE NO. A-06-CA-990 RP
                       §
RISSIE OWENS, *et al.*,  §
                       §
        DEFENDANTS.    §

## ORDER

Before the Court are Plaintiff's Motion for Attorneys' Fees, Expenses and Costs, filed January 5, 2009 (Clerk's Dkt. #121); Plaintiff's Memorandum of Law in Support of Motion for Attorneys' Fees, Expenses and Costs, filed January 5, 2009 (Clerk's Dkt. #122); Defendants' Response to Plaintiff's Motion for Attorney's Fees, filed January 15, 2009 (Clerk's Dkt. #126); and Defendants' Second Response to Plaintiff's Motion for Attorney's Fees, filed January 26, 2009 (Clerk's Dkt. #132).

## I. PROCEDURAL BACKGROUND

Plaintiff filed this suit, pursuant to 42 U.S.C. §§ 1983 and 1988, alleging that he was deprived of his constitutional right to due process when the Texas Board of Pardons and Paroles ("TBPP") imposed these conditions on his parole without providing him sufficient process. He brought this action against five Defendants, employed by the TBPP or the Texas Department of Criminal Justice ("TDCJ"), each in their official capacity. The parties consented to this Court's jurisdiction and the case was reassigned to this Court on February 20, 2008.[1] The Court granted Plaintiff's motion for summary judgment on his claim of a violation of due process and entered Final Judgment on December 12, 2008.[2]

---

[1] (Order, Clerk's Dkt. #47.)

[2] (Order, Clerk's Dkt. #114; Final Judgment, Clerk's Dkt. #115.)

Following the entry of final judgment, Plaintiff filed the current motion seeking recovery of attorneys' fees, expenses and costs as a prevailing party pursuant to 42 U.S.C. § 1988. Defendants filed a notice that they intend to appeal the Court's decision to the United States Court of Appeals for the Fifth Circuit.[3]

In their first response to this motion, Defendants requested that the Court not consider Plaintiff's current motion until after the appeal has been resolved.[4] The Court informed Defendants that it intended to rule on Plaintiff's motion despite the pendency of an appeal and permitted Defendants additional time to file a second response.[5] In their second response, Defendants informed the Court that they "do not contest the reasonableness of the attorney's fees requested by Plaintiff's counsel."[6] Having reviewed the filings by both parties, the entire case file and the relevant case law, the motion is now ripe for determination.

## II. APPLICABLE LAW

A prevailing party is awarded the costs of bringing the action. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920. As part of the costs, 42 U.S.C. § 1988(b) authorizes a court to "allow the prevailing party, other than the United States, a reasonable attorney's fee . . . " in actions vindicating civil rights, such as actions brought pursuant to 42 U.S.C. § 1983. The calculation of attorney's fees under § 1988 involves a two-part analysis. *Thompson v. Connick*, No. 07-30443, 2008 U.S. App. LEXIS 26440 at *74-75 (5th Cir. Dec. 19, 2008). First, the Court calculates a "lodestar" fee by multiplying the reasonable number of hours the plaintiff's lawyers spent working on the case by the hourly rates for the lawyers. *Id.* Second, the Court may adjust the lodestar amount upward or downward by evaluating the case using the twelve factors described in *Johnson v. Georgia*

---

[3] (Notice of Appeal, Clerk's Dkt. #125.)

[4] (Defendants' Response to Plaintiff's Motion for Attorney's Fees, Clerk's Dkt. #126.)

[5] (Order, Clerk's Dkt. #130.)

[6] (Defendants' Second Response to Plaintiff's Motion for Attorney's Fees, Clerk's Dkt. #132.)

*Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Id.* The twelve factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d at 717-19.)

### III. ANALYSIS

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, therefore, the recovery of attorneys' fees is authorized under 42 U.S.C. § 1988 if he is a prevailing party.

### A. Prevailing Party

The Court granted summary judgment to Plaintiff on his claim of violation of due process, however, the Court denied the summary judgment motion in part because the Court afforded Plaintiff less injunctive relief than he requested in his motion.[7] "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought. . . " *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S. Ct. 1486 (1989). The Court granted summary judgment for Plaintiff on his claim and afforded Plaintiff declaratory relief and injunctive relief in part.[8] Plaintiff's success was more than a mere "technical victory" and had more than "minor significance." *Tex. State Teachers*, 489 U.S. at 792.

Further, the Court notes that Defendants do not contest that, at this stage in the litigation, Plaintiff is a prevailing party. Rather, Defendants merely assert that Plaintiff will no longer be a

---

[7] (Clerk's Dkt. #114.)

[8] (*Id.*)

3

prevailing party following the resolution of the appeal.[9]

Accordingly, the Court finds that Plaintiff is a prevailing party in this litigation.

**B. Calculation of Costs**

Scott Pawgan avers that the costs and expenses incurred in the case total $12,586.91.[10] In support, he has provided an itemized lists of the costs. Defendants do not contest any items Plaintiff has claimed as costs.

The Court has reviewed the list provided by Plaintiff and discovered several items which Plaintiff has not described in sufficient detail for the Court to award them as costs. *See Power-One, Inc. v. Artesyn Techs, Inc.*, No. 2:05CV463, 2008 U.S. Dist. LEXIS 66117 at *18 (E.D. Tex. Aug. 27, 2008) (when court cannot determine the nature of the expenses or whether they are necessary, the court may exclude the items from a plaintiff's claim of costs). The Court removes the following items from Plaintiff's list of costs because the Court is not able to ascertain their nature or whether they are necessary:

| | |
|---|---|
| "costs for Various OCC expenses" | $32.66 |
| "costs for Various OCC expenses" | $21.06 |
| "costs for TRE on 05/20/08 | $289.79 |
| Total Reduction: | $343.51 |

| | |
|---|---|
| Costs Claimed: | $12,586.91 |
| Reduction by Court: | $343.51 |
| Total Costs Recoverable: | **$12,243.40**. |

**C. Calculation of Lodestar**

To determine the lodestar, the Court multiplies the reasonable number of hours spent on the case by the hourly rates of each participating lawyer. *Thompson,* at *74-75. Four lawyers

---

[9]  (Defendants' Second Response to Plaintiff's Motion for Attorney's Fees at 1-2, Clerk's Dkt. #132.)

[10]  (Exhibit C, Plaintiff's Motion for Attorneys' Fees, Expenses and Costs, Clerk's Dkt. #121.)

worked on the case for Plaintiff.

David P. O'Neil, with an hourly rate of $240.00, avers that he expended 32.25 hours working on the case for a total fee of **$7,740.00.**[11]

William T. Habern, with an hourly rate of $240.00, avers that he expended 21.00 hours working on the case for a total fee of **$5,040.00.**[12]

Scott Pawgan, with an hourly rate of $200.00, avers that he expended 112.05 hours working on the case for a total fee of **$22,410.00.**[13]

Richard Gladden, with an hourly rate of $200.00, avers that he expended 114.49 hours working on the case for a total fee of **$22,898.00.**[14]

As a result, the total calculation of the lodestar is $58,088.00. However, in an attempt to make the fees more reasonable, Plaintiff has requested recovery of approximately two-thirds of the total fees incurred, **$38,338.00.**[15]

The attorneys each aver that their hourly rate is within the norm for their practice. The Court notes that the hourly rates are within the average range of hourly rates as reported by the Texas State Bar, relying on 2005 data.[16] *See Thompson,* at *77 (prevailing market rates guide courts to determine reasonable rates). The Court has reviewed the itemized detail of how counsel spent their time and finds them reasonable. The Court does not see duplicative entries and each entry appears

---

[11] (Exhibit A,  Plaintiff's Motion for Attorneys' Fees, Expenses and Costs, Clerk's Dkt. #121.)

[12] (Exhibit B, Plaintiff's Motion for Attorneys' Fees, Expenses and Costs, Clerk's Dkt. #121.)

[13] (Exhibit C, Plaintiff's Motion for Attorneys' Fees, Expenses and Costs, Clerk's Dkt. #121.)

[14] (Exhibit D, Plaintiff's Motion for Attorneys' Fees, Expenses and Costs, Clerk's Dkt. #121.)

[15] (Plaintiff's Motion for Attorneys' Fees, Expenses and Costs at 3, Clerk's Dkt. #121.)  Two-thirds of $58,088.00 is $38,725.33.

[16] State Bar of Texas, Department of Research & Analysis, HOURLY RATES IN 2005 REPORT, (Sept. 21, 2006), available online at http://www.texasbar.com/Template.cfm?Section=Research_and_Analysis&Template=/ContentManagement/Content Display.cfm&ContentID=15888.

reasonably related to the advancement of the case. The Court also notes that Plaintiff's counsel claims to have removed, without prompting from the Court, some entries that could have appeared duplicative, for example, when Plaintiff appeared at a deposition, he was regularly accompanied by two counsel but has only requested fees for one.[17] Finally, the Court also notes that there is further evidence that Plaintiff's fee request is reasonable because he has lowered the request to two-thirds of what he could have claimed.

Again, the Court notes that Defendants do not contest Plaintiff's calculation of the lodestar. Accordingly, the Court accepts Plaintiff's calculation of the lodestar.

## D. *Johnson* Adjustment

Plaintiff does not seek an upward adjustment under *Johnson*. Defendant does not seek a downward adjustment under *Johnson*. *Johnson* adjustments are usually subsumed into the initial calculation of the lodestar. *Jason D.W. by Douglas v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Given the significant downward adjustments already adopted by Plaintiff, the Court finds that no other adjustments under *Johnson* are needed.

Accordingly, the Court does not adjust the lodestar.

## E. Total Calculation

Costs: $12,243.40, rounded down to the next whole dollar, **$12,243.00**

Fees:  **$38,338.00**

**Total: 50,581.00**

### IV. CONCLUSION

In accordance with the statements above, Plaintiff's Motion for Attorneys' Fees, Expenses and Costs, filed January 5, 2009 (Clerk's Dkt. #121) is **GRANTED**. Defendants are ordered to pay

---

[17] (Plaintiff's Memorandum of Law in Support of Motion for Attorneys' Fees, Expenses and Costs at 9, Clerk's Dkt. #122.)

**$50,581.00** to Plaintiff. The enforcement of this order is **STAYED** pending the resolution of the

appeal.

SIGNED this 29th day of January, 2009.

_____

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE
Presiding under 28 U.S.C. § 636(c)